IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Ray Hicks, #09109-032, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Federal Bureau of Prisons; John LaManna, )<br>Warden of FCI Edgefield in his official )<br>capacity, )<br>)<br>Respondents. )<br>_____) | C/A No. 0:08-01911-HFF-PJG<br><br>**REPORT AND RECOMMENDATION** |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondents' motion to deny habeas petition (Docket Entry 13). The petitioner, David Ray Hicks ("Hicks"), a federal prisoner who is proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hicks challenges the decision of the federal Bureau of Prisons ("BOP") that he is not eligible for early release upon completion of a residential drug treatment program due to his conviction for violating 18 U.S.C. § 924(c), which BOP categorizes as a crime of violence in all cases. (Pet., Docket Entry 1.)

On July 31, 2008, the respondents filed a motion to deny habeas petition.[1] By order filed August 1, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 14.) Hicks responded in opposition to the respondents' motion. (Docket Entry 16.) The respondents' motion is now before the court for a Report and Recommendation.

---

[1] The court is construing this as a motion to dismiss.

## BACKGROUND

Hicks pled guilty in April 2006 in the United States District Court for the Eastern District of Kentucky to various charges, including using and carrying firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(I)(A)(i).  (Docket Entry 1-2 at 1.)  He is currently serving a term of seventy-eight months at the Federal Correctional Institution ("FCI") in Edgefield, South Carolina.  With credit for good conduct, Hicks's projected release date is currently February 1, 2012.  (Docket Entry 1-2 at 14.)

## DISCUSSION

Pursuant to 18 U.S.C. § 3621(e)(2)(B), Congress granted to BOP the discretion to grant early release to prisoners who successfully complete a residential drug treatment plan.  Id. (stating that the period of custody "*may* be reduced" by BOP).  In implementing this provision, BOP promulgated regulations providing for categorical denials of consideration of early release where a prisoner has been convicted of certain offenses.  See 28 C.F.R. § 550.58.  Specifically, BOP excludes from early release consideration of inmates whose current offense is a felony

> (A)    [t]hat has as an element, the actual, attempted, or threatened use of physical force against the person or property of another; or
> (B)    [t]hat involved the carrying, possession, or use of a firearm or other dangerous weapon . . . .

28 C.F.R. § 550.58(a)(vi).  Further, in BOP's Program Statement 5162.04, Hicks's offense is listed as being considered a "crime of violence" in all cases.  (Program Statement ¶ 6(a), Docket Entry 13-2  at 3-4.)

BOP's regulation has been upheld by both the United States Supreme Court and the United States Court of Appeals for the Fourth Circuit.  Lopez v. Davis, 531 U.S. 230 (2001); Cunningham



v. Scibana, 259 F.3d 303 (4th Cir. 2001). Moreover, Paragraph 6 of the Program Statement was specifically upheld by the Fourth Circuit in Cunningham. Cunningham, 259 F.3d at 306.

Relying on Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008), Hicks contends that 28 C.F.R. § 550.58 was improperly promulgated under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A). In Arrington, the United States Court of Appeals for the Ninth Circuit found that, although BOP's interpretation of § 550.58 had been upheld by the United States Supreme Court in Lopez and by the Ninth Circuit in Bowman v. Hood, 202 F.3d 1211 (9th Cir. 2000), neither court had considered the distinct issue of whether § 550.58 was properly promulgated under the APA. Reviewing the explanation of BOP offered in the administrative record of the promulgation of § 550.58, the Ninth Circuit found that BOP had not "articulated a rational connection between the facts found and the choices made." Arrington, 516 F.3d at 1112 (quoting Ranchers Cattlemen Action Legal Fund v. U.S. Dep't of Agric., 415 F.3d 1078, 1093 (9th Cir. 2005)). Essentially, the Ninth Circuit found that, although the rule adopted by BOP was reasonable in substance, it nevertheless failed APA review because BOP failed to "comply with its procedural responsibility to articulate in the administrative record the rational basis upon which it relied in promulgating the rule." Arrington, 516 F.3d at 1115.

The Ninth Circuit's holding in Arrington is not controlling on this court. See, e.g., Virginia Soc'y for Human Life, Inc. v. Fed. Election Comm'n, 263 F.3d 379, 393 (4th Cir.2001) (observing that "a federal court of appeals's decision is only binding within its circuit.") The Fourth Circuit has not adopted the Ninth Circuit's technical requirement that the basis for an agency's decision be expressly and fully explained in the administrative record of the promulgation of its regulation. Rather, in reviewing agency action, the Fourth Circuit requires that the agency's rationale for its



decision be reasonably discernible. See 1000 Friends of Maryland v. Browner, 265 F.3d 216, 238 (4th Cir. 2001) ("While an 'agency must examine the relevant data and articulate a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made,' courts will 'uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.'") (quoting Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)).  Moreover, six district courts considering challenges to 28 C.F.R. § 550.58 based on the Arrington case have declined to follow the Ninth Circuit's holding.  See Minotti v. Whitehead, 584 F. Supp. 2d 750 (D. Md. 2008) (finding that the Ninth Circuit failed to consider whether certain requirements of the APA apply to 28 C.F.R. § 550.58 and Program Statement 5162.04 and finding that Arrington was not consistent with Fourth Circuit precedent); Ortiz v. Owens, C/A No. 9:08-3270, 2009 WL 62203 (D.S.C. Jan. 9, 2009) (declining to follow the holding in Arrington); Neal v. Grondolsky, C/A No. 08-2477, 2008 WL 4186901 (D.N.J. Sept. 9, 2008) (rejecting the Arrington holding pursuant to the United States Supreme Court decision in Lopez); Sinclair v. Eichenlaub, C/A No. 2:07-12967, 2008 WL 5235981 (E.D. Mich. Dec. 15, 2008) (disagreeing with Arrington and finding 28 C.F.R. § 550.58 is not invalid under the APA); Gatewood v. Outlaw, C/A No. 2:08CV00054, 2008 WL 2002650 (E.D. Ark. May 08, 2008) (rejecting the Arrington holding pursuant to the United States Supreme Court decision in Lopez); Baxter v. Quintana, C/A No. 08-91, 2008 WL 5115046 (W.D. Pa. Dec. 4, 2008) (declining to follow Arrington and concluding that the agency's decision may be "reasonably discerned").  Notably, two of these district courts were applying Fourth Circuit precedent.  Accordingly, this court also declines to follow the reasoning of Arrington and invalidate a regulation that has been previously upheld by the United States Supreme Court and the Fourth Circuit.



**RECOMMENDATION**

Hicks has failed to show that he is entitled to relief based on 28 U.S.C. § 2241, as his challenge to 28 C.F.R. § 550.50 and Program Statement 5162.04 must fail under controlling precedent. The court therefore recommends that the respondents' motion to deny habeas petition (Docket Entry 13) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 25, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).