

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| DAVID RAY HICKS, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 0:08-1911-HFF-PJG |
| | § | |
| FEDERAL BUREAU OF PRISONS and | § | |
| JOHN LAMANNA, Warden FCI Edgefield, | § | |
| Respondents. | § | |

## ORDER

This case was filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondents' motion to dismiss the petition be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 25, 2009, and the Clerk of Court entered Petitioner's objections to the Report on March 9, 2009.

In his petition and his objections, Petitioner's primary argument is that his conviction for possession of a firearm in connection with a drug-related crime under 18 U.S.C. § 924(c)(1)(A)(i) should not by itself render Petitioner ineligible for early release consideration pursuant to 18 U.S.C. § 3621(e). This statute allows the Bureau of Prisons (BOP) to reduce an inmate's incarceration time if he or she successfully completes a drug treatment program.[1] Although, according to Petitioner, he has successfully completed the treatment program, the BOP has refused to consider him for early release because he was convicted of violating 18 U.S.C. § 924(c), which the BOP categorically treats as a crime disqualifying a prisoner from early release.

Petitioner first argues that he should be eligible for early release consideration because he was convicted under § 924(c) for *possession* of a firearm only and not for the use or brandishing of a firearm during a drug trafficking crime. Petitioner admits that if he had "used" a firearm, then he would be ineligible for the sentence reduction under § 3621(e). In other words, Petitioner argues that possession of a firearm is not as dangerous an action as use of a firearm and should not be punished the same. Petitioner's argument misconstrues the BOP regulation[2] at issue. Specifically,

---

[1]The relevant portion of the statute authorizing early release consideration states: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." 18 U.S.C. § 3621(e)(2)(B) (emphasis added).

[2]Generally, "regulation" and "rule" are used interchangeably in the administrative law context and both refer to the product of "rulemaking." *See* 73 C.J.S. *Public Administrative Law and Procedure* § 166 (2008) (discussing what constitutes a rule or regulation). However, throughout this Order, the Court will use "regulation" when referring to a specific enumerated "regulation" in the Code of Federal Regulations and "rule" to refer to the agency's explanation

that regulation excludes from early release consideration inmates whose current offense includes, among other things, "an offense that involved the carrying, *possession*, or use of a firearm or other dangerous weapon or explosives."  28 C.F.R. § 550.55.[3]   Thus, under the clear language of the regulation, even though Petitioner may have been convicted of possession only, he is still categorically excluded from early release consideration.

Perhaps anticipating this outcome, Petitioner focuses most of his objections on the validity of the BOP regulation itself.  He contends that § 924(c) was improperly categorized as a violent crime for purposes of the regulation.  Although technically correct insofar as most courts have classified the offense, this defect was explained by the BOP in its December 2000 revisions to the regulation.  The BOP noted, "even as the Bureau concedes that offenses related to this regulation are 'non-violent' offenses, the implementing statute does not mandate that all 'non-violent' offenders must receive an early release. The statute merely indicates that the sentence *may* be reduced by the Bureau of Prisons."  Drug Abuse Treatment: Early Release Consideration, 65 Fed. Reg. 80745, 80747 (Dec. 22, 2000) (emphasis added).

---

of its enumerated regulations, which resulted from the rulemaking process.

[3]The regulation at issue, 28 C.F.R. § 550.58, has very recently been modified slightly and moved to §550.55.  However, the language defining inmates who are ineligible for the reduction remains essentially the same.  Nonetheless, because this change becomes important below, the two versions are reproduced here:

Former version 28 C.F.R. §550.58(a): "As an exercise of the discretion vested in the Director for the Federal [BOP], the following categories of inmates are not eligible for early release: . . . (vi) Inmates whose current offense is a felony: . . . (B) That involved the carrying, possession or use of a firearm or other dangerous weapon or explosives . . ."

Current version: 28 C.F.R. § 550.55(b): "As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release: . . . (5) Inmates who have a current felony conviction for: . . . (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives. . ."

More importantly, in *Lopez v. Davis*, 531 U.S. 230, 242 (2001), the Supreme Court upheld the regulation at issue as a valid exercise of the BOP's discretion.  The Court stated,

> In this familiar situation, where Congress has enacted a law that does not answer "the precise question at issue," all we must decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap "in a way that is reasonable in light of the legislature's revealed design." We think the agency's interpretation is reasonable both in taking account of preconviction conduct and in making categorical exclusions.

(citations omitted).  Thus, in light of *Lopez* and the discretion conferred on the BOP by Congress, Petitioner's objection as to the inclusion of § 924(c) in the list of disqualifying offenses is without merit.

Next, Petitioner disagrees with the Magistrate Judge that *Lopez* actually upheld the regulation at issue in this case. In doing so, however, he relies heavily on statements made by the dissenting justices.  Such statements are, by definition, the view of the minority and are not binding on this Court.  The *Lopez* majority, interpreting the same regulation at issue in this case, clearly held that "the regulation is a permissible exercise of the Bureau's discretion under 18 U.S.C. § 3621(e)(2)(B)." *Id.* at 232.  Thus, Petitioner's argument that the Magistrate Judge misconstrued *Lopez* is without merit.

However, Petitioner is correct that the *Lopez* Court failed to address one challenge hurdled at the BOP regulation–whether the regulation satisfied the notice and comment requirements of the Administrative Procedure Act (APA). *Id.* at 244 n.6.  The Ninth Circuit in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008) did reach this issue and concluded that the regulation was improperly promulgated under the APA.  Specifically, the *Arrington* Court found that the BOP "failed to set forth a rationale for its decision to categorically exclude prisoners convicted of offenses involving

4

the carrying, possession, or use of firearms from eligibility for a sentence reduction under §

3621(e)." *Id.* at 1114. As a result, the Ninth Circuit found the regulation to be invalid. *Id.*

To begin, as the Magistrate Judge noted, the Ninth Circuit's holding is not binding on this

Court. *See e.g., Virginia Soc'y for Human Life, Inc. v. Fed. Election Comm'n*, 263 F.3d 379, 393

(4th Cir.2001) (observing that "a federal court of appeals's decision is only binding within its

circuit."). Further, the overwhelming majority of district courts that had addressed the issue had

declined to follow *Arrington*. *See* Report at 4 (collecting cases). However, a recent unpublished

decision from the Seventh Circuit did cite *Arrington* with approval. *See Alnoubani v. Federal*

*Bureau of Prisons*, No. 08-1685, 2009 U.S. App. LEXIS 134 at *5-6 (7th Cir. Dec. 22, 2008)

(discussing *Arrington* and remanding case to district court for failure to consider merits of APA

claim). Thus, a closer examination of the *Arrington* decision is warranted.

The *Arrington* Court applied § 706(2)(A) of the APA, which provides that a court reviewing

agency action shall "hold unlawful and set aside agency action, findings, and conclusions found to

be-- (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5

U.S.C. § 706. In applying this arbitrary and capricious standard, the *Arrington* court relied on two

Ninth Circuit cases for the proposition that agency action is valid only if a reasonable basis exists

for its decision, *Kern County Farm Bureau v. Allen*, 450 F.3d 1072, 1076 (9th Cir. 2006), and a

reasonable basis exists where the agency "articulated a rational connection between facts found and

the choices made." *Ranchers Cattlemen Action Legal Fund v. U.S. Dep't of Agriculture*, 415 F.3d

1078, 1093 (9th Cir. 2005). Finding no such reasonable basis for the BOP's regulation regarding

§ 924(c) offenders, the *Arrington* Court held that the final rule was invalid under the APA.

*Arrington*, 516 F.3d at 1114.

As noted in the Report, the Fourth Circuit applies a different standard regarding what type of explanation an agency must provide for its action. "While an 'agency must examine the relevant data and articulate a satisfactory explanation for its action[,] including a rational connection between the facts found and the choice made,' courts will 'uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.'" *1000 Friends of Maryland v. Browner*, 265 F.3d 216, 238 (4th Cir. 2001) (citation omitted).

Viewing the BOP's rule in its entirety, the Court agrees that the BOP could have more lucidly explained why it excluded inmates convicted under § 924(c) from the early release program. However, when viewed in light of its regulatory history involving several different versions within a ten-year period, each of which had been construed differently among the federal courts, and the fact that circuit splits continued until *Lopez*, the agency's path can be reasonably discerned. As stated in the rule, the BOP was attempting to create a regulation that would allow for "uniform" and "consistent" application to all federal prisoners. Drug Abuse Treatment: Early Release Consideration, 65 Fed. Reg. 80745, 80747 (Dec. 22, 2000). *See also Minotti v. Whitehead*, 584 F. Supp. 2d 750, 765 (D. Md. 2008) ("Closer examination of *Arrington* reveals the fatal flaw in the Ninth Circuit's reasoning. The BOP provided an explanation for why it exercised its discretion to categorically exclude rather than include an entire class of inmates: it was concerned about uniformity. . . . However, that was not an explanation that the Ninth Circuit was willing to accept and, as such, the Ninth Circuit substituted its judgment for that of the agency.")

To summarize, applying the standards articulated by the Fourth Circuit, the Court concludes that the BOP's rule provides a sufficient rationale for excluding persons convicted under § 924(c) from early release consideration. The BOP was concerned about uniformity in application within

6

the various circuits.  Applying arbitrary and capricious review, the Court refuses to substitute its

judgment for that of the BOP.  *See Virginia Agriculture Growers Ass'n, Inc. v. Donovan*, 774 F.2d

89, 93 (4th Cir. 1985) (discussing arbitrary and capricious review and noting that "Court is not

empowered to substitute its judgment for that of the agency.")

    As an alternative basis for dismissing Petitioner's petition, the Court notes that effective

today, March 16, 2009, the BOP has adopted a new version of the regulation at issue in this case.

As noted above, this version, codified at 28 C.F.R. § 550.55, is basically identical to the former

version codified at § 550.58.  However, in contrast to the prior version, the new final rule contains

a much more detailed rationale regarding why inmates convicted of carrying, possessing, or using

a firearm in connection with a drug trafficking crime are ineligible for early release consideration.

The BOP's revised rationale states,

> Under 18 U.S.C. 3621(e), the Bureau has the discretion to determine
> eligibility for early release consideration (*See Lopez v. Davis*, 531
> U.S. 230 (2001)).  The Director of the Bureau exercises discretion to
> deny early release eligibility to inmates who have a felony conviction
> for the offenses listed in § 550.55(b)(5)(i)-(iv) because commission
> of such offenses illustrates a readiness to endanger the public.  Denial
> of early release to all inmates convicted of these offenses rationally
> reflects the view that, in committing such offenses, these inmates
> displayed a readiness to endanger another's life.
>
> The Director of the Bureau, in his discretion, chooses to preclude
> from early release consideration inmates convicted of offenses
> involving carrying, possession or use of a firearm and offenses that
> present a serious risk of physical force against person or property, as
> described in § 550.55(b)(5)(ii) and (iii).  Further, in the correctional
> experience of the Bureau, the offense conduct of both armed
> offenders and certain recidivists suggests that they pose a particular
> risk to the public.  There is a significant potential for violence from
> criminals who carry, possess or use firearms.  As the Supreme Court
> noted in *Lopez v. Davis*, "denial of early release to all inmates who
> possessed a firearm in connection with their current offense rationally
> reflects the view that such inmates displayed a readiness to endanger

7

> another's life." *Id.* at 240.  The Bureau adopts this reasoning.  The
> Bureau recognizes that there is a significant potential for violence
> from criminals who carry, possess or use firearms while engaged in
> felonious activity.  Thus, in the interest of public safety, these
> inmates should not be released months in advance of completing their
> sentences.
>
> It is important to note that these inmates are not precluded from
> participating in the drug abuse treatment program.  However, these
> inmates are not eligible for early release consideration because the
> specified elements of these offenses pose a significant threat of
> dangerousness or violent behavior to the public.  This threat presents
> a potential safety risk to the public if inmates who have demonstrated
> such behavior are released to the community prematurely.  Also,
> early release would undermine the seriousness of these offenses as
> reflected by the length of the sentence which the court deemed
> appropriate to impose.

Drug Abuse Treatment Program, 74 Fed. Reg. 1892, 1895 (Jan. 14, 2009).  Although it is not

explicitly stated in this rule, it is apparent that the BOP was trying to avoid the issue addressed in

*Arrington*.  Unlike the prior rule, the new rule makes clear that inmates convicted under § 924(c)

are not entitled to early release consideration because they pose a potential safety risk to the public.

Thus, if the new rule were to apply to Petitioner's case, his APA argument would be without merit

because the new rule provides a detailed rationale for the inclusion of § 924(c) offenders in the list

of inmates who fail to qualify for early release consideration.

The more difficult legal issue is whether this new rule should apply to Petitioner's case.  The

general rule in the statutory context is that "[a]bsent an express directive from Congress, [a court]

must apply a newly enacted statute to pending cases unless doing so would give the statute

'retroactive effect.'" *Alexander v. Boyd*, 113 F.3d 1373, 1387 (4th Cir. 1997).  The same logic

applies in the regulatory context.  A regulation has "retroactive effect" when its application "would

impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose

8

new duties with respect to transactions already completed." *Fernandez-Vargas v. Gonzalez*, 548 U.S. 30, 37 (2006). As noted above, the new regulation itself, though codified in a different location, is virtually identical to the prior regulation. Further, the BOP's position relative to Petitioner remains the same–he was ineligible for early release before and he remains ineligible for early release now. The only thing that is different, as to § 924(c) offenders, is that the BOP has provided a detailed rationale for why those offenders are ineligible for early release consideration. Thus, the Court concludes that applying the regulation to Petitioner's case would not have "retroactive effect," as that term has been defined by the Supreme Court.

Stated differently, "where a new rule constitutes a clarification - rather than a substantive change - of the law as it existed beforehand, the application of that new rule to pre-promulgation conduct necessarily does not have an impermissible retroactive effect, regardless of whether Congress has delegated retroactive rulemaking power to the agency." *Levy v. Sterling Holding Co., LLC*, 544 F.3d 493, 506 (3rd Cir. 2008). *See also Brown v. Thompson*, 374 F.3d 253, 259 (4th Cir. 2004) (applying same rule to statutory amendment context). To determine whether an amendment constitutes a clarification or a change, courts look to statements of intent made by the agency. *Id.*

In this case, the BOP's summary of the regulatory changes states that the changes are intended to "streamline and clarify" the regulations. Drug Abuse Treatment Program, 74 Fed. Reg. 1892, 1892 (Jan. 14, 2009). Further, as noted above, the language of the new regulation relating to inmates convicted for carrying, possession, or use of a firearm almost mirrors the language in the old regulation. In short, the Court finds that the new rule and regulation merely clarifies the BOP's position and would not have impermissible retroactive effect if applied in this case. Therefore, applying the new regulation, the Court concludes that Petitioner's APA-based challenge fails.

9

Petitioner's remaining objections are without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report to the extent it is not inconsistent with this Order and incorporates it herein.  Therefore, it is the judgment of this Court that Respondents' motion to dismiss the petition is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 16th day of March, 2009, in Spartanburg, South Carolina.


s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE


\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 60 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.